*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0468**

State of Minnesota,
Respondent,

vs.

Justin Louis Hudak,
Appellant.

**Filed January 29, 2024**
**Affirmed**
**Schmidt, Judge**

Stearns County District Court
File No. 73-CR-21-5697

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Janelle P. Kendall, Stearns County Attorney, Kyle R. Triggs, Assistant County Attorney, St. Cloud, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Schmidt, Presiding Judge; Segal, Chief Judge; and Ross, Judge.

**NONPRECEDENTIAL OPINION**

**SCHMIDT**, Judge

In this direct appeal from the judgment of conviction for aiding and abetting second-degree assault and a drive-by shooting, appellant Justin Louis Hudak argues that respondent State of Minnesota failed to prove that he "knowingly and intentionally" aided

the principal actor in shooting the victim. Because the state presented sufficient evidence, we affirm.

**FACTS**

In August 2021, Hudak drove to a gas station in St. Cloud, Minnesota with S.S. in the passenger seat. Hudak went into the gas station where N.J. was checking out at the register. Hudak and N.J. had a verbal altercation in the gas station. After exiting the gas station store, Hudak returned to his car and told S.S. about his exchange with N.J. S.S. replied, "I got a gun, don't worry," and said, "if they shoot at us, they shoot at us." S.S. then retrieved a gun from his waistband.

Hudak drove a short distance in the gas station parking lot and stopped near N.J. N.J. made a hand gesture directed at Hudak, telling him to "get the f--k on." The passenger-side window of Hudak's car was opened a crack in the parking lot, and the window came down more as the vehicle left the parking lot. At S.S.'s direction, Hudak turned right out of the gas station. The car slowed to a stop in front of the gas station— where N.J. was standing—and S.S. fired multiple shots. One bullet struck N.J. in the arm, and another hit him in the abdomen. Hudak then sped away.

Hudak admitted that S.S. shot at N.J., and that he knew S.S. had a gun prior to the shooting. Hudak also assisted police in finding the gun.

The state initially charged Hudak with aiding and abetting a second-degree assault. The state amended the complaint to add a charge of aiding and abetting a drive-by shooting.

A jury found Hudak guilty of both charges. The district court sentenced Hudak to 120 months in prison. This appeal follows.

**DECISION**

In arguing that this court should reverse his convictions for aiding and abetting a second-degree assault and aiding and abetting a drive-by shooting, Hudak argues the state did not prove that he knowingly and intentionally aided S.S. in shooting N.J.

A person is criminally liable for the crime of another "if the person intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the crime." Minn. Stat. § 609.05, subd. 1 (2020). An individual acts intentionally if they either have the purpose to do the thing or cause the result specified, or believe that the act performed, if successful, will cause that result. Minn. Stat. § 609.02, subd. 9(3) (2020). Therefore, to be guilty of aiding and abetting, the state must prove beyond a reasonable doubt that (1) the person knew their accomplice was going to commit a crime, and (2) the person intended their presence and actions to further the commission of that crime. *State v. Milton*, 821 N.W.2d 789, 805 (Minn. 2012).

Hudak's sufficiency of the evidence argument requires us to "carefully examine the record to determine whether the facts and the legitimate inferences drawn from them would permit the jury to reasonably conclude that the defendant was guilty beyond a reasonable doubt of the offense of which he was convicted." *State v. Griffin*, 887 N.W.2d 257, 263 (Minn. 2016) (quotation and citations omitted). We view the evidence in the light most favorable to the verdict, and we assume that the jury disbelieved any evidence conflicting with the verdict. *Id.* This court will not overturn a verdict if the jury, upon application of the presumption of innocence and the state's burden of proof beyond a reasonable doubt, could reasonably have found the defendant guilty of the charged offense. *Id.*

3

The level of scrutiny that an appellate court applies to a sufficiency-of-the-evidence claim turns on whether the elements of the offense were supported by direct or circumstantial evidence. *State v. Silvernail*, 831 N.W.2d 594, 598 (Minn. 2013). A challenge to a verdict based on circumstantial evidence may not rely on mere conjecture or speculation. *State v. Al-Naseer*, 788 N.W.2d 469, 480 (Minn. 2010).

Hudak challenges the sufficiency of the evidence of his state of mind at the time of the shooting, which is generally proved by circumstantial evidence. *Al-Naseer*, 788 N.W.2d at 474. Because the challenged evidence is circumstantial, we apply the heightened scrutiny of the two-step test in evaluating its sufficiency. *Id.* at 473-74.

First, we identify the circumstances proved. *Silvernail*, 831 N.W.2d at 598. In doing so, we only consider "those circumstances that are consistent with the verdict," meaning we assume the jury believed the state's witnesses and disbelieved the defense's witness. *Id.* at 599.

Second, we review the evidence to "determine whether the circumstances proved are consistent with guilt and inconsistent with any rational hypothesis except that of guilt." *Id.* (quotations omitted). In doing so, we independently examine "the reasonableness of all inferences that might be drawn from the circumstances proved." *Id.* "Circumstantial evidence must form a complete chain that, in view of the evidence as a whole, leads so directly to the guilt of the defendant as to exclude beyond a reasonable doubt any reasonable inference other than guilt." *Al-Naseer*, 788 N.W.2d at 473.

4

*Circumstances proved*

The circumstances proved that are consistent with the verdict are as follows. Hudak pulled into a gas station with S.S. sitting in the passenger seat of Hudak's car. While inside the gas station, Hudak and N.J. got into a verbal altercation. After leaving the gas station, Hudak returned to his vehicle where he told S.S. about his exchange with N.J. S.S. replied, "I got a gun, don't worry," and added, "if they shoot at us, they shoot at us." S.S. then pulled a gun from his waistband. Hudak admitted that he knew S.S. had a gun prior to the shooting. Hudak drove his vehicle a short distance in the parking lot, stopped near N.J., and remained there for a brief period of time. N.J. made a hand gesture directed at Hudak's car. The passenger-side window of Hudak's car was slightly open in the parking lot, and the window came down more as the car pulled out of the lot. At S.S.'s direction, Hudak turned right out of the parking lot. Hudak slowed the car to a stop in front of the gas station where N.J. stood. S.S. then fired multiple shots, striking N.J. twice. Hudak sped away from the scene with S.S. Hudak later took officers to retrieve the gun.

> *The circumstances proved are consistent with guilt and inconsistent with any rational hypothesis except that of guilt.*

The circumstances proved show that Hudak knew S.S. had a gun, saw S.S. pull out the gun from his waistband, and stopped his car near N.J. The passenger-side window was initially opened a crack, and was rolled down further as Hudak drove out of the parking lot. Hudak followed S.S.'s instruction to turn right out of the parking lot. Hudak slowed the car to a stop in front of where N.J. stood. Hudak kept the car in that spot while S.S. fired multiple shots. Hudak then sped away from the scene with S.S.

5

Hudak generally argues that "as a whole," the circumstances proved do not exclude an alternative theory that he did not know or intend to aid S.S. in committing the shooting. However, in making this argument Hudak relies on evidence that is inconsistent with the verdict, contrary to the applicable standard of review.[1] *See Silvernail*, 831 N.W.2d at 598.

Hudak also appears to argue that the evidence did not establish that S.S. directly told Hudak that S.S. intended to shoot N.J. But such evidence is not required as the jury may rely on circumstantial evidence in deciding whether the defendant had the requisite state of mind. *See State v. Bahtuoh*, 840 N.W.2d 804, 810 (Minn. 2013) ("A jury may infer the requisite state of mind from a variety of facts, including presence at the scene of the crime, a close association with the principal offender before and after the crime, a lack of objection or surprise under the circumstances, and flight from the scene of the crime with the principal offender."). The state is not required to present evidence that S.S. directly told Hudak that S.S. intended to shoot N.J. in order to establish that Hudak knowingly and intentionally assisted S.S. Accordingly, Hudak's argument is unpersuasive.

Finally, Hudak argues that these circumstances do not preclude a reasonable inference that Hudak understood S.S.'s statements to be an assurance of protection or that Hudak simply thought S.S. was going to brandish the gun "in an act of bravado." However, this theory does not account for the totality of the circumstances proved, which includes Hudak knowing S.S. had a gun, the passenger-side window being rolled down, Hudak

---

[1] Hudak argues that the circumstances proved include the facts that he and N.J. did not talk about weapons or guns inside the gas station, and Hudak did not appear to be angry or upset during the exchange with N.J. However, those circumstances are immaterial under the applicable standard.

slowing the car to a stop in front of N.J., Hudak staying stopped while S.S. fired multiple shots, and then Hudak speeding away from the scene with S.S. Because Hudak's alternative inferences regarding the circumstances proved are not reasonable—and rely upon conjecture and speculation—they are inconsistent with any rational hypothesis except that of guilt.

**Affirmed.**